IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUTH MARY BISSELL, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 15-04677 |
| | : | |
| GRAVELEY BROTHERS ROOFING | : | |
| CORPORATION, MICHAEL GRAVELEY, | : | |
| JOHN GRAVELEY, GRAVELEY FAMILY | : | |
| PARTNERSHIP, GIRARD COMMONS, LLC | : | |
| ASHAW DEMOLITION a/k/a ASHAW | : | |
| CONSTRUCTION TRAINING, INC., | : | |
| JOHN J. HIGGINS, | : | |
| Defendants. | : | |

Jones, II      J.                                                        June 20, 2016

### MEMORANDUM

Now pending before the Court is Defendants' Graveley Brothers Roofing Corporation, Michael Graveley, John Graveley, Graveley Family Partnership, and Girard Commons, LLC's (collectively, "Defendants") Motion to Dismiss [hereinafter MTD], (Dkt No. 8), Plaintiff Ruth Mary Bissell's[1] Response in Opposition [hereinafter Resp.], (Dkt No. 9), and Defendants' Reply in Support of Motion to Dismiss [hereinafter Reply], (Dkt No. 15).

For the reasons that follow, Defendants' Motion to Dismiss will be DENIED without prejudice.

I. **Factual and Procedural Background**

The Court accepts Plaintiff's allegations as true at the motion to dismiss stage and therefore recites the facts as alleged by Plaintiff.

On or about April 22, 2014, Plaintiff's childhood home,[2] located at 909 N. Taney Street, Philadelphia, PA 19130, was bulldozed by Defendants without Plaintiff's "consent and/or legal

---

[1] The Court notes that Defendants' spelling of Plaintiff's last name has been consistently incorrect and adopts "Bissell" as the proper spelling as evidenced by Plaintiff's signature on her nursing license. (Resp. Ex. B, Dkt. No. 9-13.)

[2] The Court adopts Plaintiff's language as used in the Amended Complaint by using "childhood home" in reference to the 909 N. Taney Street property. (A.C. ¶ 3, Count III at 8.)

authority." (A.C. ¶ 1, Nature of Action at 1.)[3] Prior to the demolition of her childhood home Plaintiff was in purchase negotiations with Defendant Michael Graveley. (A.C. ¶ 7a, Count III at 8.) However, negotiations soured when Plaintiff indicated to Mr. Graveley that she "was contemplating repairing and renting out the house." (A.C. ¶ 7a, Count III at 8.) Defendants wanted to purchase Plaintiff's childhood home in order to turn the block into condominiums. (A.C. ¶¶ 3-4, 9, Count I at 4.) Plaintiff met with Defendant Michael Graveley multiple times, during which he threatened Plaintiff in an effort to make her sell her childhood home. (A.C. ¶ 7a-d, Count III at 8, 9.) Moreover, to keep Plaintiff from using her childhood home, Defendants constructed "fencing and/or other barriers to be placed, on or about the Property," thereby "unreasonably obstructing and/or interfering with plaintiff's ingress and egress." (A.C. ¶ 4d-e, Count IV at 11.)

Defendant John Higgins "without the authorization of plaintiff, prepared, wrote, completed, sent, delivered, filed and/or served paperwork related to plaintiff's property to the [Department of Licenses and Inspections]." (A.C. ¶ 4, Count II at 6; A.C. Ex. A) Plaintiff did not give Defendant John Higgins consent or authority to act on her behalf. (A.C. ¶ 6, Count II at 6.) Defendants demolished Plaintiff's childhood home without "advance warning or written notice." (A.C. ¶ 4, Count III at 8.) Although no one lived in Plaintiff's childhood home at the time of demolition, the house contained family possessions and heirlooms that were "destroyed, dumped and trashed amidst construction debris" when the home was bulldozed. (A.C. ¶ 7, Count I at 4; (A.C. ¶ 6, Count III at 8.)

### a. *The New Jersey State Court Action*

Prior to this action, Plaintiff filed a Complaint in the Superior Court of New Jersey, Monmouth County, styled *Ruth Mary Bissell v. Graveley Brothers Roofing Corporation, Michael Graveley,et al.*, Docket No. MON-L-2993-14 [hereinafter New Jersey action]. (Resp. at 6, n. 4.) The Superior Court determined that it lacked personal jurisdiction over the Defendants and, in an order dated May 8, 2015, dismissed the lawsuit with prejudice. (MTD at 6.)

### b. *Plaintiff's Claims Against the Defendants*

---

[3] Plaintiff's Amended Complaint restarts paragraph numbering with each new section. For this reason, citations reference both the heading and page number. For the convenience of the Court and all parties, the Court hereby directs Plaintiff to continue sequential numbering of each paragraph throughout any future filings.

On December 1, 2015, Plaintiff filed an Amended Complaint against Defendants, asserting four claims. In Count I, Plaintiff alleges that Defendants committed trespass by entering Plaintiff's property without her consent. (A.C. ¶ 10, Count I at 5.) Plaintiff further alleges that Defendants damaged her property when they demolished her childhood home. (A.C. ¶¶ 11-12, Count I at 5.)  Plaintiff requests "compensatory and punitive damages together with interest, fees, costs of suit and any other relief the court deems just and equitable." (A.C. ¶ 12, Count I at 5.)

Count II alleges that Defendants acted negligently in demolishing Plaintiff's childhood home. Defendants were under a duty to "safeguard against providing unauthorized services and/or against the unauthorized use of plaintiff's name and personal information." (A.C. ¶ 3, Count II at 6.) Defendant Higgins breached that duty when, without the authorization or consent of Plaintiff, he filed a demolition application for Plaintiff's childhood home with the Department of Licenses and Inspections. (A.C. ¶ 4, Count II at 6.) Furthermore, the Graveley Defendants and Ashaw Demolition breached their duty of care when they: (1) failed to ascertain if Defendant Higgins received the appropriate authorization for demolition of Plaintiff's home, and (2) performed and/or supervised the demolition on or about Plaintiff's childhood home. (A.C. ¶¶ 9, 11, Count II at 7.)  As a direct and proximate result of Defendants' actions, Plaintiff suffered property damage to both her childhood home and personal property located inside the home. (A.C. ¶ 13, Count II at 7.) Plaintiff requests "compensatory and punitive damages together with interest, fees, costs of suit and any other relief the court deems just and equitable." (A.C. ¶ 13, Count II at 7.)

Court III alleges that Plaintiff suffered intentional infliction of emotional distress when Defendant Michael Graveley engaged in a pattern of outrageous and extreme conduct, to include telling Plaintiff that he would break her hands and that her childhood home would be "robbed, damaged or knocked" down if she made improvements to it. (A.C. ¶ 7a, 7c, Count III at 8-9.) On two separate occasions prior to the demolition of her childhood home, Defendant Michael Graveley appeared at Plaintiff's New Jersey home "unannounced and uninvited, demanding that plaintiff sell him her house." (A.C. ¶ 7b, Count III at 9.) In addition, Defendants intentionally and recklessly destroyed Plaintiff's "childhood home without her knowledge or consent." (A.C. ¶ 3, Count III at 8.) As a result of Defendants' actions, Plaintiff "suffered severe and extreme emotional distress, physical and bodily injury, anxiety, anguish, stress, sinus bradycardia and

other such injuries and damages." (A.C. ¶ 10, Count III at 10.) Plaintiff requests "compensatory and punitive damages together with interest, fees, costs of suit and any other relief the court deems just and equitable." (A.C. ¶ 10, Count III at 10.)

Finally, Count IV alleges public and private nuisance. Defendants' construction activities were "unreasonably near public roadways and pathways" thereby obstructing public access to property and private access to Plaintiff's childhood home. (A.C. ¶ 4b, 4d-e, Count IV at 11.) Furthermore, Defendants engaged in demolition of homes and buildings on the 909 N. Taney Street block without proper oversight from the Department of Licenses and Inspections, and did not follow the proper safety protocol with regard to construction and demolition activities. (A.C. ¶ 4f, h-i, Count IV at 11.) In this way, Defendants' actions interfered with the right of the public to safely use public streets and sidewalks surrounding the property, and the right of Plaintiff to enjoy the peaceful use of her childhood home. (A.C. ¶¶ 10-15, Count IV at 12.) Plaintiff requests "compensatory and punitive damages together with interest, fees, costs of suit and any other relief the court deems just and equitable." (A.C. ¶15, Count IV at 12.)

### c. *Defendants' Motion to Dismiss*

On December 28, 2015 Defendants Graveley Brothers Roofing Corporation, Michael Graveley, John Graveley, Graveley Family Partnership, and Girard Commons, LLC, filed a Motion to Dismiss, with a supporting Memorandum of Law. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (MTD at 1-2.) First, Defendants maintain that Plaintiff failed to establish a basis for jurisdiction because she did not identify each of the Graveley Family Partnership ("GFP") partners or Girard Commons members, "whose citizenship is necessary to a determination of the citizenship of those entities, or set forth what efforts were undertaken to determine who those individuals are." (MTD at 6.) Second, Defendants claim that, because Plaintiff hoped to one day move back into her childhood home, Plaintiff is a citizen of the Commonwealth of Pennsylvania; thereby destroying diversity. (MTD at 6.) Finally, Defendants allege that, even if jurisdiction is established, Plaintiff has not met her burden under Fed. R. Civ. P. 8(a) to provide grounds for relief. (MTD at 7.)  Alternatively, Defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e). (MTD at 2,7.)

4

## II.  <u>Legal Standard</u>

District courts have subject matter jurisdiction[4] over civil actions where there is a federal question or where: (1) the parties are citizens of different states and (2) the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with . . . multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.,* 545 U.S. 546, 553, (2005); *Kaufman v. Allstate N.J. Insur. Co.,* 561 F.3d 144, 148 (3d Cir. 2009)). The party claiming the existence of subject matter jurisdiction bears the burden of proof. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (citations omitted); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citations omitted).

Challenges to subject matter jurisdiction through Rule 12(b)(1) motions take two forms, facial and factual. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). However, under 28 U.S.C. § 1653 "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Therefore, in response to a successful facial attack, a plaintiff may amend defective allegations of jurisdiction to overcome the deficiency. *Lincoln Ben. Life Co.*, 800 F.3d at 110.

A factual attack, on the other hand, "argues that, while the pleadings themselves facially establish jurisdiction, one or more of the factual allegations is untrue thereby causing the case to fall outside the court's jurisdiction." *Leisk v. Elliot*, No. CIV.A. 14-3639, 2014 WL 6070837, at *1 (E.D. Pa. 2014) (citing *Mortensen*, 549 F.2d at 891). "[I]n reviewing a factual attack, 'the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and

---

[4] Defendants contend that they moved to dismiss Plaintiff's case because Plaintiff "has, once again, attempted to bring suit in an inappropriate *venue*, rather than the appropriate venue – the Pennsylvania Court of Common Pleas for the First Judicial District…" (MTD at 5 (emphasis added).) Defendants go on to say that their motion to dismiss is proper because "Federal Courts are Court of limited *jurisdiction*, and it is axiomatic that a party suing in Federal Court must clearly establish his or her basis for that jurisdiction. (MTD at 6 (emphasis added).) However, venue and jurisdiction are not the same. Under 28 U.S.C. § 1404(a) change of venue is granted "[f]or the convenience of parties and witnesses, in the interest of justice…," whereas jurisdiction governs the power of a Court to hear a case. *Standard Oil Co. v. Montecatini Edison S. p. A.*, 342 F. Supp. 125, 129 (D. Del. 1972) (citations omitted). Because there is no true contest as to the venue, the Court will disregard this apparent error.

the court then decides the jurisdictional issue by weighing the evidence.'" *Lincoln Ben. Life Co.*, 800 F.3d at 105 (quoting *McCann v. Newman Irrevocable Trust,* 458 F.3d 281, 290 (3d Cir.2006) (citations omitted)). The trial court may, therefore, weigh evidence outside the pleadings in order to "satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. As such, no presumptive truthfulness attaches to allegations made in the Complaint insofar as Defendants launch a factual, rather than a facial, attack. *Id.*

III.   **Analysis**

Defendants move to dismiss Plaintiff's Amended Complaint on three grounds: (1) Plaintiff failed to identify the members and partners of the unincorporated associations and to establish she is diverse from them; (2) Plaintiff is a citizen of the Commonwealth of Pennsylvania and not diverse from the Defendants; and (3) Plaintiff failed to state a claim on which relief can be granted. The Court must first ensure the existence of subject matter jurisdiction, and therefore, will not reach Defendants' third basis for dismissal. *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008) ("[A] district court must take care not to reach the merits of a case when deciding a Rule 12(b)(1) motion."). Because Defendants' second argument is plainly incorrect, the Court will dispose of the issue before addressing whether or not Plaintiff has properly established that she is diverse from each of the Defendants.

Although Defendants contend that their jurisdictional challenge is facial, this Court construes the motion as having elements of both facial and factual attacks to Plaintiff's jurisdictional claims and will apply the appropriate standard to each claim.

> a.   *Defendants' argument that Plaintiff is a citizen of Pennsylvania is without merit because Defendants have not properly alleged physical presence.*

Defendants assert that Plaintiff's claim of New Jersey citizenship is not supported factually by information contained in Plaintiff's Amended Complaint. (MTD at 7-9.) To support this proposition, Defendants attached filings from the New Jersey action, including excerpts from Plaintiff's "Opposition to Defendants' Motion to Dismiss" and a certification from Plaintiff's friend, Joy McQuillan. (MTD Ex.'s A, B.) As such, this Court will construe Defendants argument as to Plaintiff's citizenship as a factual attack. *Int'l Ass'n of Machinists & Aerospace*

*Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982) (construing a 12(b)(1) motion to dismiss as factual when supported by a sworn statement of facts).

The gravamen of Defendants' argument is that, because Plaintiff had hoped to one day return to her childhood home in Pennsylvania, this hope makes Plaintiff a citizen of Pennsylvania. (MTD at 6.) For purposes of diversity jurisdiction "[d]iversity is to be determined at the time the complaint was filed." *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.,* 181 F.3d 410, 414 n. 2 (3d Cir. 1999) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)). A person is a citizen of the state in which she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David,* 235 U.S. 561, 569 (1915)). Domicile, in turn, is a two prong analysis requiring physical presence at a permanent home and an intent to remain, such that one will return when absent. *McCann*, 458 F.3d at 286 (quoting *Vlandis v. Kline,* 412 U.S. 441, 454 (1973)). As such, "'[n]either the physical presence nor the intention to remain is alone sufficient.'" *Krasnov v. Dinan,* 465 F.2d 1298, 1300 (3d Cir. 1972) (quoting Wright, Federal Courts § 26, at 86 (2d ed. 1970)).

To establish domicile, a Court may consider declarations, house of residence, place of business, as well as, location of family and membership in unions and other organizations. *McCann*, 458 F.3d at 286 (citations omitted). Generally, the court must locate the center of "one's business, domestic, social and civic life in a jurisdiction." *Juvelis by Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) (citations omitted). Once established, a person's domicile "is presumed to continue until it is shown to have been changed," thereby "giv[ing] rise to a presumption favoring an established domicile over a new one." *McCann*, 458 F.3d at 286-87 (quoting *Mitchell v. United States*, 88 U.S. 350, 353 (1874); *Korn v. Korn*, 398 F.2d 689, 691 n. 4 (3d Cir. 1968) (internal quotations omitted)). To show that a domicile has changed, a party must produce "sufficient evidence to rebut the presumption in favor of the established domicile." *McCann*, 458 F.3d at 288. Defendants have not met this burden.

First, Plaintiff has established that she is and has been domiciled in New Jersey such that a presumption that New Jersey continues to be her domicile attaches. Many of the factors outlined in *McCann* that are relevant to a determination of domicile are present in Plaintiff's Amended Complaint and attached to Plaintiff's Response: (1) Plaintiff lives in Shrewsbury, New Jersey (A.C. ¶ 6, Count I at 4; Pl.'s Aff. ¶ 2, Dkt. No. 9-11); (2) Plaintiff moved her ailing father from her childhood home in Philadelphia to her residence in Shrewsbury, New Jersey in order to

provide him with medical care (A.C. ¶ 6, Count I at 4); (3) Plaintiff received her nursing license in New Jersey (Resp. Ex. B, Dkt. No. 9-13); and (4) Plaintiff lived and worked in New Jersey leading up to and at the time the instant civil action was commenced. (A.C. ¶ 2, Parties at unnumbered page 1; Resp. Ex. A, Dkt. No. 9-12; Pl.'s Aff. ¶ 3, Dkt. No. 9-11). Furthermore, Plaintiff alleges that she either hoped to move back to, or repair and rent, her childhood home. (A.C. ¶ 7(a), Count III at 8 (emphasis added); Pl.'s Aff. ¶ 8 Dkt. No. 9-11.) Taken together, Plaintiff's Amended Complaint and Response to Defendants' Motion to Dismiss establish that Plaintiff was a citizen of New Jersey at the time she filed her Amended Complaint. Therefore, Defendants must produce evidence sufficient to rebut this presumption in favor of Plaintiff's established domicile of New Jersey.

Defendants point to Plaintiff's Opposition Brief from the New Jersey Action to show Plaintiff refers to the 909 N. Taney Street property as her home where she incurred additional living expenses as a result of Defendants' alleged actions. (MTD at 8; MTD Ex. A at 4.) Defendants have not shown, however, that Plaintiff was physically residing in Pennsylvania at the commencement of this action. In fact, Defendants concede that Plaintiff is currently domiciled in New Jersey, recognizing that "Plaintiff has represented that she *intended to return* to once again make Philadelphia, Pennsylvania her home." (MTD at 6; MTD Ex. B (emphasis added).) To bolster this proposition, Defendants reference Joy McQuillan's statement from the New Jersey action that Plaintiff *wanted* to repair and move into the 909 N. Taney Street residence. (MTD at 9; MTD Ex. B at 2.) Furthermore, Defendants did not show that, after Plaintiff's childhood home was destroyed, she had any intent to return and remain in Pennsylvania whatsoever. And, even still, proof of intent to return and even "remain permanently is not the test." *Krasnov*, 465 F.2d at 1300. Defendants must also prove physical presence. Because Defendants cannot meet this burden, Plaintiff's established domicile of New Jersey continues to be her domicile unless and until she physically moves to Pennsylvania with intent to remain. Therefore, Defendants' claim that Plaintiff is a citizen of Pennsylvania is without merit.

*b.   Plaintiff is entitled to jurisdictional discovery as to Defendants Graveley Family Partnership and Girard Commons, LLC.*

As a preliminary matter, the Court notes that Defendants' only dispute regarding the citizenship of the Defendants is whether or not Plaintiff is diverse from each of the GFP partners

and the Girard Commons, LLC members. [5] (MTD at 6, 15-16; Reply at 5-6). Because Defendants filed their Motion to Dismiss without presenting this Court with competing facts, Defendants' argument as to the unincorporated associations is necessarily facial. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). At this Court's discretion, pursuant to 28 U.S.C. § 1653, Plaintiff could have amended her Amended Complaint to include information contained in and attached to her Response to Defendants' Motion to Dismiss. *Lincoln Ben. Life Co.*, 800 F.3d at 110. As such, the Court will consider Plaintiff's Amended Complaint, Response and any documents attached thereto to determine the adequacy of Plaintiff's jurisdictional allegations as to the citizenship of Defendants GFP and Girard Commons, LLC. *Id.*

It is well established that "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 (citing *Swiger*, 540 F.3d at 182); *see also* 13B Charles Alan Wright et al., *Federal Practice & Procedure* § 3630 (2d ed. 1984) ("[W]henever a partnership, a limited partnership, . . . or a similar association brings suit or is sued in a federal court, the actual citizenship of each of its members must be considered in determining whether diversity jurisdiction exists.") Thus, "[t]he principal place of business of an unincorporated entity is . . . irrelevant to determining its citizenship." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013).

Contrary to the general rule, affirmative allegations of citizenship for unincorporated associations are not required where a party can allege in good faith that it is diverse from each member. *Lincoln Ben. Life Co.*, 800 F.3d at 108. Good faith allegations require reasonable inquiry into the identities of the members. *Id.* But because membership lists are typically not a

---

[5] Specifically, Defendants Motion to Dismiss states, "Plaintiff has not properly alleged, let alone *established*, the citizenship of all relevant parties at the time of the filing of the Complaint. This is because Plaintiff has not even identified, let alone alleged the citizenship of, each of the members and partners of Girard Commons of GFP." (MTD at 16 (emphasis in original).) Additionally, Defendants' Reply Brief in Further Support of Motion to Dismiss states:

> The Graveley Defendants have not disputed that Plaintiff has alleged sufficient facts regarding the citizenship of Michael Graveley and Graveley Brothers [Roofing Corporation]. Instead, the Graveley Defendants have correctly asserted that Plaintiff has not sufficiently plead [sic] <u>facts</u> necessary to establish the citizenship of GFP or Girard Commons by failing to set forth the names of its members/partners and to aver the state in which they are citizens.

(Reply at 6 (emphasis in original).) Although in Defendants' Factual Allegations section of their Motion to Dismiss there is some dispute as to the address listed for Defendant John Graveley, the issue is not raised in Defendants' Argument Section. (MTD at 9-10.) Moreover, the Reply Brief completely ignores any argument as to the citizenship of Defendant John Graveley. (Reply at 5-7.) For the aforementioned reasons, the Court understands Defendants not to dispute that Defendant John Graveley is a citizen of Pennsylvania for purposes of diversity jurisdiction.

matter of public record, "[t]he unincorporated association . . . is in the best position to ascertain its own membership." *Id.* Thus, where a party has conducted a reasonable investigation, a plaintiff may allege in good faith 'upon information and belief' it is diverse from each member of the unincorporated association. *Id.* at 110; s*ee also United States v. One Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber*, Serial No. *LW001804*, 115 F. Supp. 3d 544, 576 (E.D. Pa. 2015) ("[A]llegations in this form have been held to be permissible, even after the *Twombly* and *Iqbal* decisions." (citations omitted) (internal quotations omitted)).

Plaintiff alleges "upon information and belief" Defendants GFP and Girard Commons, LLC were organized in Pennsylvania, with 909 N. 26th Street, Philadelphia, PA as its principal place of business. (A.C. ¶¶ 8 9, Parties at 2.) Plaintiff consulted court filings and other public records. (Resp. at 15, n. 6) In addition, she filed a filed a Right to Know request with the City of Philadelphia to ascertain the identity of the GFP partners and Girard Commons, LLC members, which was denied. (Resp. at 15, n. 6; Resp. Ex. G, Dkt. No. 9-7.) Taken together, Plaintiff conducted a reasonable investigation into the identities of the members of GFP and Girard Commons, LLC and their citizenship; however Plaintiff's search was fruitless. Therefore, this Court finds that Plaintiff has alleged complete diversity in good faith, which is sufficient to survive a facial attack. *Lincoln Ben. Life Co.*, 800 F.3d at 111.

Furthermore, "when subject matter jurisdiction is called into doubt, 'jurisdictional discovery should be allowed unless the plaintiff's claim is clearly frivolous.'" *Anthony v. Small Tube Mfg. Corp.*, 535 F.Supp.2d 506, 512 (E.D. Pa. 2007). Because members of the unincorporated associations are not within Plaintiff's reach, jurisdictional discovery is appropriate with regard to the citizenship of the two disputed Defendants.[6] Therefore, Plaintiff shall be afforded an opportunity to conduct discovery to establish the existence of diversity jurisdiction with regard to the unincorporated associations. This, however, is not an invitation to

---

[6] As the Third Circuit made clear:

> Depriving a party of a federal forum simply because it cannot identify all of the members of an unincorporated association is not a rational screening mechanism. The membership of an LLC is often not a matter of public record. Thus, a rule requiring the citizenship of each member of each LLC to be alleged affirmatively *before* jurisdictional discovery would effectively shield many LLCs from being sued in federal court without their consent.

*Lincoln Ben. Life Co.*, 800 F.3d at 108-09 (emphasis in original). *See also Coakley Bay LJS L.L.C. v. Coakley Bay Ass'n*, No. CV 2013-036, 2014 WL 4412338, at *3 (D.V.I. Sept. 8, 2014) ("Where there are uncertainties regarding diversity jurisdiction, jurisdictional discovery—rather than dismissal—is an appropriate remedy.") (citations omitted).

Plaintiff to embark on a fishing expedition – discovery shall be narrowly tailored to address the limited issues set forth herein.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED without prejudice. The parties shall engage in jurisdictional discovery, to be completed on or before July 15, 2016. Plaintiff shall file an Amended Complaint or notify this Court of her intention to voluntarily dismiss the above-captioned action on or before July 29, 2016.

BY THE COURT:

<u>/s/ C. Darnell Jones, II              </u>
C. DARNELL JONES, II       J.